UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIO GERARD BERNADEL, | CASE NO. 2:26-cv-01101-DGE |
| Petitioner, | ORDER STRIKING SCHEDULING ORDER AND DIRECTING PETITIONER TO FILE AMENDED PETITION |
| v. | |
| PAMELA BONDI et al., | |
| Respondents. | |

Before the Court is Petitioner's petition for a writ of habeas corpus. (Dkt. No. 4.) Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition.[1] Rule 4 directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on

---

[1] Available at: https://www.uscourts.gov/file/27805/download (last accessed April 6, 2026). The Habeas Rules also apply to § 2241 petitions. See Rule 1(b) (permitting application of the Habeas Rules to other habeas corpus petitions at the Court's discretion).

ORDER STRIKING SCHEDULING ORDER AND DIRECTING PETITIONER TO FILE AMENDED PETITION - 1

substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

A habeas petition must:  (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.  Habeas Rule 2(c).

Here, Petitioner's habeas petition is deficient.  Petitioner alleges in a conclusory manner that he is being held in custody unlawfully due to unspecified violations of his constitutional rights, a "fraud upon the court," an indefinite detention, "violation of the legal doctrine of res judicata and perfected claim," and violation of a treaty ratified in 1863 or 1864.  (Dkt. No. 4 at 3–4.)  Petitioner's petition includes no facts to support any of his causes of action.

Accordingly, pursuant to the Habeas Rules, the Court STRIKES the scheduling order (Dkt. No. 5) and directs Petitioner to file an amended petition that addresses the deficiencies identified above no later than **May 4, 2026**.  Petitioner's amended petition must clearly identify the facts supporting each cause of action in his petition.  If Petitioner fails to file an amended petition or adequately address the issues identified herein by the required deadline, the Court may dismiss this action.

The Clerk is directed to calendar this event.

Dated this 6th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER STRIKING SCHEDULING ORDER AND DIRECTING PETITIONER TO FILE AMENDED PETITION - 2